FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 11 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL DUNCAN,

                Plaintiff,

— against —

REVMA ELECTRIC, INC., ET AL.,

                Defendants.
------------------------------------------------------------X

**AMENDED
MEMORANDUM AND ORDER**

11-cv-5952 (SLT) (VMS)

**TOWNES, United States District Judge:**

On December 6, 2011, Paul Duncan ("Plaintiff") filed this action pursuant to the Fair Labor Standards Act and the New York State Labor Laws against his employer, Revma Electric, Inc. ("Revma"), and the owner of Revma, Ralph Velazquez, asserting that these defendants are jointly and severally liable as employers under 29 C.F.R. § 791.2. Plaintiff has also asserted a claim against an unidentified defendant, John Doe, who Plaintiff alleges served as his supervisor during his employment at Revma. Plaintiff alleges that the defendants willfully failed to pay him any overtime compensation and that he was unlawfully terminated for complaining about the defendants' failure to properly compensate him for all hours worked. Currently before the court is Plaintiff's motion for default judgment against Revma and Valezquez. For the following reasons, the motion is granted.

I. BACKGROUND

On April 10, 2012, after both defendants failed to file an answer or otherwise respond to the complaint, a notation of default was entered against them. (Document No. 9.) On April 30, 2012, Plaintiff filed a motion for default judgment against Revma and Velazquez, seeking $24,000 in damages, plus attorney's fees and costs, for a total judgment of $30,554.40. (*See* Document Nos. 10, 12.)

On September 24, 2012, the court held an inquest hearing, at which Revma and Velazquez failed to appear. At the hearing, in response to a question from the court, Plaintiff's counsel conceded that "the appropriate number is actually $20,000 which should be based on

[the fact that Plaintiff] was out of work for ten weeks before he found a comparable job actually making more money." (September 24, 2012 Hearing Tr. at 2.) Following Plaintiff's testimony at the hearing, the court indicated that it was prepared to award the $20,000 that Plaintiff was seeking in damages. However, the court indicated to Plaintiff's counsel that he had yet to submit an affidavit containing contemporaneous records of the time spent and a curriculum vitae detailing his legal experience. (Id. at 10.) In addition, the court directed Plaintiff, following his submission of the affidavit, to prepare an order that would include the amount of the judgment as well as the costs and fees sought. (Id. at 11.)

On November 15, 2012, Plaintiff submitted a bill of costs and fees, which included one hour of "Partner's Time," 17 hours of "Associate's Time," and one hour of "Paralegal's Time," but did not submit any affidavit or proposed order.[1] Although the bill did not identify who any of the individuals were who performed the specified work, it calculated both the partner and associate time at a rate of $350 an hour and the paralegal time at $150 an hour. (Document No. 16.) On December 27, 2012, this court referred Plaintiff's motion for default judgment to Magistrate Judge Scanlon for a report and recommendation. (Document No. 17.)

On June 17, 2013, Judge Scanlon held a second inquest hearing. At the hearing, Plaintiff was represented by a different lawyer from the same law firm. Judge Scanlon questioned Plaintiff's counsel regarding the request for attorney's fees. Specifically, Judge Scanlon noted that notwithstanding the breakdown in fees between partner, associate, and paralegal time, the record did not contain any information as to why the rates specified in the bill of costs and fees were appropriate. (June 17, 2013 Hearing Tr. at 43.)

At that time, Plaintiff's counsel identified the partner on the case as William Phillips, the managing partner of the firm, the associate as Jessie Rose, and the paralegal as Whitney

---

[1] Although Plaintiff's bill of costs and fees indicates that he is seeking attorney's fees for 17 hours of associate time, the associate time entries appear to add up to a total of 18.3 hours. Giving Plaintiff the benefit of the doubt, the court assumes the 17 hours is an arithmetic error and will calculate the attorney's fees based on the 18.3 hours of associate time listed.

2

Constant. (Id. at 44.) Plaintiff's counsel argued that, although the hourly rate for the associate and the partner was the same, the associate rate was nonetheless reasonable given Rose's qualifications. (Id. at 44-45.) In this regard, Plaintiff's counsel indicated that Rose had been practicing for four years and worked exclusively on plaintiff's side employment law. (Id. at 44.) Plaintiff's counsel further indicated that Rose had been a summer associate at an employment law firm and believed that this experience made him more familiar with the pertinent law in this area than other individuals with only four years out of law school. (Id. at 46-47.) Finally, Plaintiff's counsel noted that, in addition to his association with Plaintiff's counsel's firm, Rose served as a principal in his own firm as well. Plaintiff's counsel argued that because Rose would have been billed as a partner had he brought this action on his own, his time here should also be calculated at a partner's rate. (Id. at 47.) In response, Judge Scanlon noted that the rate sought is higher than awarded in this district and that Plaintiff's counsel was, in essence, "making the case . . . that [Rose] should be credited with another two years at least because of his work as a student." (Id.) As a result, Judge Scanlon issued an order directing Plaintiff to submit, by June 24, 2013, additional material in support of his request for damages. Specifically, Judge Scanlon ordered Plaintiff to file "a sworn statement with information about the attorneys and paralegal for whom fees are requested, particularly any information to support their requested hourly rates." (See Dkt. Sht., June 17, 2013 Entry.) Judge Scanlon further ordered Plaintiff to provide "information about the calculation of [his] request for damages" and "any additional information about service that Plaintiff wishes the court to consider." (Id.)

On June 25, 2013, in response to Judge Scalon's order, Plaintiff filed an affidavit by one of his attorneys, Jesse Rose. (Document No. 21 ("Rose Aff.").) In his affidavit, Rose indicated that the "associate's time" included in the bill of costs had been completed by either himself or by Jeffrey T. Rosenberg, ostensibly another attorney at his firm, and both of whom Rose described as "experienced attorneys in the area of wage and hour litigation." (Id.) No other

3

information was provided concerning Rosenberg. Rose did not specifically explain why he was entitled to a higher billing rate, but did list several FLSA and NYLL cases in which he had drafted motions that had obtained favorable decisions and attested that he "devote[s] a significant amount of time to wage and hour litigation" and that "many of the[ ] cases [cited] involved retaliation claims under the FLSA and NYLL." (Id.) The affidavit did not include any information about either the partner or the paralegal listed on the bill of costs and fees. (Id.)

On July 17, 2013, Plaintiff, perhaps pursuant to this court's directive on September 24, 2013, filed a proposed order and judgment. (Document No. 23.) The proposed order sought $24,000 in damages, $899.40 in costs, and $6,450 in attorney's fees. On August 26, 2013, this court vacated its referral order to Judge Scanlon.

## II. DISCUSSION

As an initial matter, in light of the court's conversation with Plaintiff's counsel at the September 24, 2012 hearing regarding damages amount, the court so orders Plaintiff an award of $20,000 in damages. (September 24, 2012 Hearing Tr. at 2.)

As to attorney's fees, the party seeking an award of such fees must support that request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." See *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). Thus, the court must determine both whether the number of hours and the hourly rates specified are reasonable. Here, the court has reviewed the work performed and concludes that the number of hours specified in the bill of costs and fees is reasonable.

As to the reasonableness of the hourly rates, "it is appropriate . . . for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonable comparable skill, experience and reputation." See *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). The community is defined as the district in which the court sits. See *Arbor Hill Concerned Citizens Neighborhood Association v. County of*

4

*Albany*, 522 F.3d 182, 190 (2d Cir. 2012). As one court in this district recently noted, depending on the nature of the action, extent of legal services provided, and experience of the attorney, hourly rates range from approximately $300 to $400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 per hour for junior associates. *See First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 2013 WL 950573, at *7 (E.D.N.Y. Mar. 12, 2013) (collecting cases). At least one court has noted that $70 is a reasonable rate for paralegals. *See Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 281 (E.D.N.Y. 2008) ("Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants.").

Here, the bill of costs and fees includes three categories of attorney time: "Partner's Time," "Associate's Time," and "Paralegal's Time." (*See* Document No. 16.) Despite Judge Scanlon's order directing Plaintiff to file "a sworn statement with information about the attorneys and paralegal for whom fees are requested, particularly any information to support their requested hourly rates," (*See* Dkt. Sht., June 17, 2013 Entry), the court has not received any information regarding either the partner or the paralegal who performed work in this case. Given that counsel has failed to provide the court "with any guidance as to what rates attorneys of similar caliber charge in the current marketplace," there is accordingly no way the court can engage in any sort of comparative analysis . . [and] a deduction is warranted." *See Bobrow Palumbo Sales*, 549 F. Supp. 2d at 281 (citing *Molefi v. Oppenheimer Trust*, 2007 WL 538547, at *6 (E.D.N.Y. Feb. 15, 2007)) (citing cases in which reductions were made in the amount of attorney's fees requested due to counsel's failure to provide information concerning the credentials of attorneys for whom fees were requested). Accordingly, the court reduces the hourly rate for the partner to $300 and for the paralegal to $70.

The court further reduces the hourly rate regarding the associates' time. The bill of costs and fees includes time entries under the category "Associate's Time." Although Plaintiff's

5

counsel at the June 17, 2013 hearing indicated that the associate in the matter was Jesse Rose, (see June 17, 2013 Hearing Tr. at 44), Rose indicates in his affidavit that his time comprised only 4.6 hours of the 18.3 hours billed. (Rose Aff. at ¶ 3.) Thus, the remaining 13.7 hours were ostensibly performed by Jeffrey Rosenberg. Plaintiff's counsel has not submitted any information regarding Rosenberg's experience or qualifications other than the single assertion in Rose's affidavit that they are both "experienced attorneys in the area of wage and hour litigation." (Id. ¶ 2.)

Moreover, the court is not persuaded by the arguments advanced by Plaintiff's counsel at the June 17, 2013 hearing that Rose is entitled to an hourly billing rate equal to that of a partner. Rose has only been practicing law for four years and the fact that he has chosen to focus his relatively short time in practice exclusively on employment law and worked as a summer associate at an employment law firm during a summer in law school does not entitle him to a higher billing rate. See Trustees of Local 807 Labor Mgmt Health & Pension Funds v. River Trucking and Rigging, Inc., 2005 WL 3307080, at *3 (E.D.N.Y. Dec. 2, 2005) (concluding that an hourly billing rate was "unreasonable and not in accordance with the attorney billing practices in this district" because it applied the same billing rate to a partner and to a "junior associate with approximately four years of legal experience.").

Nor is the court persuaded by the fact that Rose is a sole practitioner and therefore could have billed himself as a partner had he brought the current action on his own. The fact that an individual with no particular skills, experience, or expertise may establish his own firm upon graduating law school and call himself a partner is not determinative of the proper billing rate that should apply. Rather, courts must look beyond an individual's title at the actual level of experience and years of practice in deciding whether a particular billing rate is reasonable. See, e.g., Larsen v. JBC Legal Group, P.C., 588 F. Supp. 2d 360, 363 (E.D.N.Y. 2008) (quoting Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)) ("In determining what constitutes a 'reasonable hourly rate,' the court should look to the market rates "prevailing in the community

6

for similar services by lawyers of reasonably comparable skill, experience and reputation.'"). Accordingly, given Rose's degree of experience and the lack of information provided to the court regarding Rosenberg, the court reduces the associate billing rate to $100 per hour for the 18.3 hours indicated on the bill of costs and fees, for a total of $1,830.00.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is GRANTED as follows: Defendants Revma and Velazquez, individually, shall be jointly and severally liable to Plaintiff in the amount of $20,000 in damages. In accordance with the reduced rates applied by the court, Plaintiff is awarded $300.00 for the hour of partner time, $1,830.00 for 18.3 hours of associate time, and $70.00 for the hour of paralegal time, for a total amount of $2,200.00 in attorney's fees. The court also awards Plaintiff costs in the amount of $899.40. Accordingly, Plaintiff is awarded a total of $23,099.40. Because John Does has not been identified or served, he is dismissed from this action. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: September 9, 2013
Brooklyn, New York